Neida Cruz vs Hospital Episcopal San Lucas
Dep.: Dr. José Ortiz Feliciano
May 2, 2018

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

Neida Cruz, Mirta Cruz,      *       Civil Case 17-CV-02959 (JAG)
Carlos Moises Cruz

      Plaintiff              *       Jury Demand

Vs                           *

Hospital Episcopal San Lucas*
y et, als

      Defendant              *

* * * * * * * * * * * * * * * * * * * * * * * * * *

DEPOSITION TAKEN OF

DR. JOSE RAMON ORTIZ FELICIANO

At the offices of Roberto Ruiz Comas located at Piso 8, Doral

Plaza,Hato Rey, PR on May 2, 2018 at 10:00 AM

*(...) Audio Ininteligible*

**Carlos Bolívar Guillén**
Traductores y Taquígrafos
787-720-2365

Neida Cruz vs Hospital Episcopal San Lucas
Dep.: Dr. José Ortiz Feliciano
May 2, 2018                                                                                    2


APPEARANCES


FOR THE PLAINTIFF

Atty. Michelle Ramos Jimenez

Atty. Diego Ledeé Bazan


FOR THE DEFENDANT

Atty. José Goyco Amador – Dr. Aurelio Collado

Atty. José Gonzalez Villamil – San Lucas Home care

Atty. Roselis Siena Malave – Dr. Aurelio Collado

Atty. Mayra Estrella – Hospital San Lucas

Atty. Roberto Ruiz Comas – Dr. Guillermo Bolaños

Atty. Hector Vivas – Dr. Aurelio Collado


NOTARY PUBLIC

Atty. Diego Ledeé


COURT REPORTER

Ileana Guillén

CARLOS BOLIVAR GUILEN
Violeta GG 10
Borínquen Gardens
San Juan, PR 00926
787-720-2365


*(...) Audio Ininteligible*

**Carlos Bolívar Guillén**
Traductores y Taquígrafos
787-720-2365

R    Please clarify question.

Q    Have you ever been involved, have you ever provided to a patient at his home non-medical home health care services?

R    Could you clarify this?

Q    No, I cannot clarify this anymore.   You can't answer?

R    Well, then, I can't answer it.

Q    Going to the report.   Does it contain a complete statement of all opinions that you will express at trial and the basis and reason for them?

R    Yes.

Q    Does it contain all the facts or data considered by you informing the opinions?

R    Yes.

Q    Does it contain any exhibits that will be contained to summarize or back up your opinion?

R    Exhibits.   Clarify that.

Q    Any demonstrative evidence in order to show your opinion.   Does it contain them?

R    Your question is vague.   I don't understand it.

Q    It is very specific.   That is what the rules says.   Does it contain any exhibits that will be used by you to summarize or form your opinion?

R    Do you mean…

N-stage renal disease. Those are extremely high concurrent problems that increase the risk of the surgery.

Q   But you don't know and you don't have any evidence to establish and you don't even have evidence even to contradict this to establish that when Dr. Bolaños discussed the operation with the patient those issues were discussed.

R   No.

Q   So when you state that Mr. Cruz Colón was a high risk patient and the surgical consent was not explained by the surgeon you are basing that statement only on the review of the document in the medical record?

R   Yes.

Q   When you say that it was not signed by him you are referring to not signed by whom?

R   By the surgeon.

Q   And how do you know that it was not signed by him?

R   I looked that in the first surgery it did not have his signature.

Q   Are you sure?

R   Sure.  It was the resident.

Q   So it is your contention that the resident was the one who signed the…

R   That is what I says.

Neida Cruz vs Hospital Episcopal San Lucas
Dep.: Dr. José Ortiz Feliciano
May 2, 2018                                                                56

no answer.

    R  Yes.

    Q  Yes what?

    R  Yes I put down the risks.

    Q  You put everything that you discuss with the patient?

    R  No.

    Q  That is what I mean.  You discuss verbally with the patients a lot of information regarding the benefits, what you are going to do, what are the risks, what might happen but the extent of that conversation is not reflected specifically in the consent, correct?

    R  Completely no.

    Q  Let's go to your second conclusion.  You said that, "During the second admission the patient presented with septic shock", correct?

    R  Yes.

    Q  When you say that, "no attempt was made to identify the focus of the infection", what do you mean by that?

    R  The record is silent.  It does not say where the infection process was initiated.

    Q  Do you know whether this patient was consulted to different specialists?

    R  Consulted?

R    With foreign body reaction.

Q    When you have an active abscess with possible foreign body reaction do you treat that with antibiotics?

R    No, I drain it.

Q    But do you drain it and then continue with antibiotics?

R    Yes.

Q    Does an active abscess with possible foreign body reaction an expected complication of hernial repair?

R    It can be a complication.

Q    Now you say in number 4, the surgical procedure performed… Strike that. Apart from that you stated in number three concerning the hospitalization of, that would be 8/30 of 2015 do you have any other findings or complaints regarding the treatment provided to the patient in the hospitalization?

R    No, he was treated with TPN.  My complaint is that he should have been in this damage control surgery…

Q    I understand that.  But apart from that.

R    No.

Q    The consultations were proper, the medical management was proper, the consultation to the physicians was proper?

R    Yes.

Q    Now, you stated in number 4, that in the

Neida Cruz vs Hospital Episcopal San Lucas
Dep.: Dr. José Ortiz Feliciano
May 2, 2018                                                          76

R   No he wasn't stable.

Q   He didn't have septic shock, correct?   He had normal lipocytes?

R   No, he was septic. He had 38.3 fever.

Q   Doctor, when the patient was discharged on August 27 do you have the value of lipocytes that he had at the moment?

R   He wasn't elevated but he had a fever.

Q   He didn't have elevated lipocytes?

R   Yes.

Q   And when he returned on August 30 he didn't have a complaint of fever and they didn't report the patient had fever when he arrived?

R   No.

Q   He didn't have?   That is your answer?

R   No, they didn't record fever.

Q   And he didn't have a complaint of fever?

R   He didn't complain of that.   He was discharged.

Q   But my question is…

R   He didn't complain of fever.

Q   And he had normal pulse and he had basically normal blood pressure, correct?

R   Yes.

Q   And you already clarified to questions of Atty. Ruiz Comas that you don't have a finding against the

Neida Cruz vs Hospital Episcopal San Lucas
Dep.: Dr. José Ortiz Feliciano
May 2, 2018                                                          77

infectologist that treated this patient of the admission of August 11, 2015?

R   No.

Q   Do you have a complaint or any findings regarding any other of the consulting physicians during that admission of August 11, 2015?

R   No.

Q   I am going to ask you the same questions to the next admission which was on August 30, 2015.  Do you have any complaint or finding against any other physician that treated Mr. Cruz Colón during that admission?

R   No.

Q   I have no more questions for the doctor.

ATTY. VIVAS:

Can we have a very brief recess so that I can consult my client?

RUIZ COMAS:

Yes.

                    OFF THE RECORD

ATTY. VIVAS:

Good afternoon doctor.  Hector Vivas for the record.

Q   Doctor as you are aware I represent Dr. Aurelio Collado who is a specialist in internal medicine.  Do you have any findings as to the breach of standard of care as to Dr. Aurelio Collado as to this patient?

*Carlos Bolívar Guillén*
*(...) Audio Ininteligible*   Traductores y Taquígrafos
787-720-2365